```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 18-CV-25161-GAYLES
                         MAGISTRATE JUDGE P.A. WHITE
```

RONNIE WILLIAMS,                :

    Plaintiff,              :

v.                              :        REPORT RECOMMENDING
                                           TRANSFER OF VENUE

JULIE JONES,                    :

    Defendant(s).           :
_____

    Ronnie Williams, a prisoner at Mayo Correctional Institution, has filed a pro se civil rights complaint pursuant to 28 U.S.C. § 1983, alleging certain events that transpired while at Gulf Correctional Institution. (DE#1).

    Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1406(a) further provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The decision whether to transfer or dismiss a case pursuant to § 1406(a) "lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F. 2d 1023, 1026 (2d Cir. 1993). The leading case on § 1406(a) transfers is Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962). In Goldlawr, the Supreme Court explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Id. at 466. The plaintiff in Goldlawr would have suffered an injustice had the court dismissed its case because the statute of limitations had run on the majority of its claims. See id. The Court held:

> The language of [§ ] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue.... If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [§ ] 1406(a), recognized that the interest of justice may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by ... time-consuming and justice-defeating technicalities.

Id. at 467 (citation and internal quotation marks omitted). See generally Brunette Mach. Works, Ltd. v. Kockum Indus., Inc., 406 U.S. 706, 710 (1972) (observing generally that "venue provisions are designed, not to keep suits out of the federal courts, but

merely to allocate suits to the most appropriate or convenient federal forum").

Lower courts decided after Goldlawr likewise have recognized that "[a] 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." Daniel v. Am. Bd. of Emergency Med., 428 F. 3d 408, 435 (2d Cir.2005) (*quoting* Phillips v. Seiter, 173 F. 3d 609, 610 (7th Cir.1999)). See also Minnette, 997 F. 2d at 1027 ("[T]he transfer of this action, when the statute of limitations has run, is in the interest of justice."). Other considerations relevant to the interest-of-justice inquiry include a balancing of the prejudices and whether the plaintiff filed in the wrong venue in good faith. See Cruz–Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001) ("When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors."). See also Wallace v. Whitt, 935 F.2d 271, at * 2 (6th Cir. 1991) (unpublished) (holding that the district court "erred in dismissing the case in the face of its finding of severe prejudice to the plaintiffs from a dismissal and no prejudice to defendants from transfer as well as a finding of improper venue through no fault of the parties"); Sinclair v. Kleindienst, 711 F. 2d 291, 293 (D.C. Cir. 1983) (holding that a transfer under § 1406(a) was in the interest of justice where "[r]efusal to transfer spell [ed] the end to the action, while transfer would not prejudice the defendants' position on merits"). As another district court in this circuit has reasoned with respect to transfers generally, "[w]hen venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith

or in an effort to harass a defendant." Palmer v. Dau, No. 6:10cv248, 2010 WL 2740075, at *2 (M.D. Fla. Jul. 12, 2010)(citing Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 3827 (2d ed. 1998 & 2005 Supp.).

Here, all of the defendants and relevant records in the instant lawsuit are presumably located in Gulf County, Florida, which is the county where Gulf Correctional Institution is located. Because the Northern District of Florida comprises Gulf County, see 28 U.S.C. § 89, transfer to that venue is appropriate under 28 U.S.C. § 1391(b). Based on the foregoing, it is recommended that this Court transfer this cause to the United States District Court for the Northern District of Florida.

Dated this 12th day of December, 2018.

[signature]

UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Ronnie Williams
606982
Mayo Correctional Institution
Inmate Mail/Parcels
8784 US Highway 27 West
Mayo, FL 32066
PRO SE